# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 10-565V
### Filed: December 2, 2014

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| MEGAN L GODFREY, | * | |
| | * | |
| Petitioner, | * | Interim Attorney Fees and Costs; |
| v. | * | Stipulation |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

Milton C. Ragsdale , IV, Ragsdale LLC, Birmingham, AL, for petitioner.
Jennifer L. Reynaud, U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEY FEES AND COSTS[1]

**Vowell,** Chief Special Master:

In this case under the National Vaccine Injury Compensation Program [hereinafter "the Program"],[2] petitioner filed a motion for an award of interim attorney fees and costs on October 27, 2014 [the "Application"].  *See Avera v. Sec'y, HHS*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  On November 25, 2014, the parties filed a Stipulation of Fact Concerning Attorneys' Fees and Costs ["Stipulation"], wherein they explain that based on discussion of respondent's objections, petitioner amends her Application to request an award of $141,851.84.[3]  Respondent does not object to this amount, noting that while she maintains her position that interim attorney fees and costs awards are not

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006).

[3] Petitioner did not file a statement comporting with General Order 9.  However, because any costs personally incurred by petitioner can be addressed in a subsequent award of fees and costs, I have elected to act on this interim application without that statement.

permitted in cases like this one, she "elects not to raise her statutory objection at this time in response to this particular request." Stipulation at n.1.

I find that petitioner is entitled to an award of interim attorney fees and costs under the facts and circumstances of this case. A review of the materials offered in support of the application for interim attorney fees and costs indicates that the agreed amount is reasonable. **Accordingly, I hereby award the total of $141,851.84 issued in the form of a check payable jointly to petitioner, Megan L. Godfrey, and petitioner's attorney, Milton C. Ragsdale , IV, for interim attorney fees and costs.**

The clerk of court shall enter judgment accordingly.[4]

**IT IS SO ORDERED.**

<u>**s/Denise K. Vowell**</u>
**Denise K. Vowell**
Chief Special Master

---

[4] Entry of judgment can be expedited by each party's filing a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).